Dear Mr. Barousse:
You advise that Mr. Vernon Martin serves as elected alderman for the City of Crowley. Mr. Martin is also employed by the A.S.S.I.S.T. agency in Crowley, a federally-funded program which assists the indigent and disabled of the parish.
Note first that R.S. 42:63(A)(1) of our state dual-office holding and dual employment law states:
 Except as otherwise provided in this Subsection, no person holding an elective office, appointive office, or employment in any of the branches of state government or of a political subdivision thereof shall at the same time hold another elective office, appointive office, or employment in the government of a foreign country, in the government of the United States, or in the government of another state. (Emphasis added).
The position of municipal council member is considered an elective office under state law. LSA-R.S. 42:62(1).[1]
LSA-R.S. 42:63(A)(1) quoted above states it is a violation of the dual officeholding law for an elected official to be employed by the federal government.
Further, the Hatch Political Activity Act (5 U.S.C.A. §§ 1501,et seq.) provides that under certain limited conditions, a state or local officer or employee may not "be a candidate for elective office"[2] and, by implication, may not serve in an elective office. In general, the Hatch Act applies to employees of a local government agency "whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a federal agency."[3] The Hatch Act does not apply to a local employee "who exercises no functions in connection with that activity."[4] Thus, the Hatch Act's prohibitions apply only if the local employee exercises functions in connection with a federally funded activity.
We assume that in his employment Mr. Martin exercises functions in connection with the activities which are federally funded; thus, he may not also hold the local elected office of Crowley alderman.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:61(1) states: (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[2] 5 U.S.C.A § 1502 states, in pertinent part:
(a) A State or local officer or employee may not
 * * * * *
(3) be a candidate for elective office.
[3] 5 U.S.C.A § 1501 (4) states:
(4) "State or local officer or employee" means an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency. . . . .
[4] 5 U.S.C.A § 1501 (4)(A) states:
(4) "state or local officer or employee" . . . does not include (A) an individual who exercises no functions in connection with that activity.